IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KAREN K. EVANS MATTFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>GRAND JURY DC,<br><br>Defendant. | CV 26-116-M-KLD<br><br>ORDER and<br>FINDING AND<br>RECOMMENDATION |

On August 3, 2026, pro se Plaintiff Karen Mattfield filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a complaint naming "Grand Jury DC" as the Defendant. (Doc. 2).

## I. Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. Mattfield has completed an Application to Proceed in District Court without Prepaying Fees or Costs. (Doc.1). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants her request to proceed in forma pauperis.

## II. Screening Requirement

Because Mattfield is proceeding in forma pauperis, the Court must review her Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

The court retains discretion in determining whether a pleading is "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A pleading is frivolous if it has no "arguable basis in law or fact." *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears beyond a doubt that the plaintiff can prove no set of facts in support of

his claim. *See Abramson v. Browstein,* 897 F.2d 389, 391 (9th Cir. 1990). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it is clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. *See e.g. Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

## III. Analysis

On August 3, 2026, Mattfield completed a Complaint for a Civil Case form and lodged it with the Court. (Doc. 2). The Complaint is sparse, to say the least, and Mattfield's allegations are largely unintelligible. Mattfield identifies "Grand Jury DC" as the Defendant in the case caption but lists a person somehow associated with the Poverello Center in Missoula and a Tacoma attorney as Defendants in the body of the Complaint. (Doc. 2 at 1-2). Mattfield states that the amount in controversy is "undefined" and "undisclosed." (Doc. 2 at 4). In addition to asserting diversity jurisdiction, Mattfield invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 but does not identify any federal statute or Constitutional provision at issue. (Doc. 2 at 3). Instead, Mattfield identifies the

basis for her claims as "ID fraud of realness, Bank closures, Property of ID used." (Doc. 2, at 3). In the Statement of Claim section of the Complaint form, which asks for a description of the facts showing that the plaintiff is entitled to relief, Mattfield alleges "unspecified, Grand Jury from [unintelligible]" and nothing more. (Doc. 2 at 4). In the Relief section of the Complaint form, which asks for a statement of precisely what damages or other relief the plaintiff asks the court to order, Mattfield writes: "House, car, plane, Husbands, Bank, golds." (Doc. 2 at 4).

No matter how liberally the Court construes the Complaint, the Court cannot identify any viable claims. Mattfield does not allege any intelligible facts or plead any cognizable legal theory. The Court finds that Mattfield's Complaint lacks any arguable basis in law or fact and thus falls within the class of "clearly baseless" pleadings that may be dismissed as frivolous. *See Denton*, 504 U.S. at 32-33. There is no reason to believe that the pleading deficiencies identified above could be cured with the allegation of additional facts. Because the Complaint is frivolous and there is no discernable basis for any potentially viable claims, amendment would be futile.

For the reasons discussed above, the Court enters the following:

**ORDER**

IT IS ORDERED that Mattfield's motion to proceed in forma pauperis (Doc. 1) is GRANTED and the filing fee is waived. The Complaint is deemed filed on August 3, 2026.

**RECOMMENDATION**

IT IS RECOMMENDED that:

1. This action be DISMISSED, without leave to amend, as frivolous and for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2).

2. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

**NOTICE OF RIGHT TO OBJECT**
**TO FINDINGS & RECOMMENDATION**
**AND CONSEQUENCES OF FAILURE TO OBJECT**

Mattfield may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal

DATED this 6th day of August, 2026.

Kathleen L. DeSoto
United States Magistrate Judge